1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    TIMOTHY WARREN TALLANT, *et al.*,        Case No. 1:24-cv-01125-JLT-CDB

12                Plaintiffs,                   ORDER ON SECOND STIPULATED
                                                REQUEST AMENDING SCHEDULING
13          v.                                  ORDER *NUNC PRO TUNC* <u>AS</u>
                                                <u>MODIFIED</u>
14    LOWE'S HOME CENTERS, LLC,

15                Defendant.                    (Docs. 20, 21, 22)

16

17          **<u>Background</u>**

18          Pending before the Court is the parties' second stipulated request to amend the scheduling

19    order.  (Docs. 20, 21, 22).  The parties filed their stipulated request (Doc. 20) on August 29, 2025,

20    without supporting declarations or affidavits, as required by the scheduling order.  *See* (Doc. 10 at

21    8) (noting "Stipulations extending the deadlines contained herein will not be considered unless they

22    are accompanied by affidavits or declarations …").  On September 23, 2025, the parties filed

23    declarations of counsel for Plaintiffs Boyd Johnson (Doc. 22) and counsel for Defendant Andrea

24    Breuer (Doc. 21) in support of their stipulated request for certain extensions of case management

25    dates.

26          In support of the request, Mr. Johnson represents that the family medical situation

27    experienced by counsel, as set forth in the parties' first stipulated request to amend the scheduling

28    order (*see* Doc. 16), prevented Plaintiffs from participating in the case and necessitated delays,

particularly as to deposition scheduling.  (Doc. 22 ¶¶ 4-6).  Upon completion of the depositions of Plaintiffs on July 30, 2025, Mr. Johnson "identified and shortly thereafter noticed the depositions of eight fact witnesses, including three current employees of Defendant, four former employees of Defendant and Defendant's Person Most Knowledgeable."  One deposition was completed on August 29, 2025, and another is scheduled for October 15, 2025.  *Id.* ¶¶ 6-7.  Further, Mr. Johnson represents that mediation is scheduled for January 26, 2026, the first such date parties could secure with their selected mediator.  *Id.* ¶ 10.

Ms. Breuer represents that, during the depositions of Plaintiffs, "new information came to light regarding the scope of Plaintiffs' claims … that must be explored further," and that "Defendant intends to conduct medical examinations of both Plaintiffs and Plaintiffs have agreed to submit to one examination each pursuant to a Stipulation."  (Doc. 21 ¶ 6).  Ms. Breuer states that the parties are "cooperatively working" to schedule the eight depositions for mutually agreeable dates.  *Id.* ¶ 7.

The parties, therefore, stipulate to modify the scheduling order and extend all deadlines by 120 days, and assert that these facts present good cause to do so.  *See* (Doc. 20).

**<u>Discussion</u>**

For partial good cause shown, the parties' stipulated request to amend the scheduling order (Docs. 20, 21, 22) will be granted as modified.

In its order on the parties' first stipulation to amend the scheduling order, the Court admonished the parties that "[i]n light of the significant extensions of time granted herein … it is unlikely to grant further extensions of time, including to accommodate possible settlement discussions (which the Court expects to be undertaken in parallel with the extended case management dates granted) absent extraordinary circumstances."  (Doc. 17 at 2).  With this admonition in mind, the parties' representations in support of their request for additional time within which to conduct discovery in preparation for a scheduled mediation – chiefly, for the purpose of conducting depositions and medical examinations – do not demonstrate good cause for a 120-day extension of all deadlines.  Although the declarations of counsel for the parties reflect that depositions of eight fact witnesses were noticed in early-August, it appears from those

1 | declarations that the parties have yet to schedule six of the eight depositions despite that passage of
2 | at least six weeks since the need for the depositions was identified.  Further, as the Court previously
3 | admonished the parties, they are expected to conduct discovery within the case management dates
4 | in parallel with any settlement discussions.

5 |      Sensitive to the unavoidable delays in this litigation prompted by the medical emergency
6 | described by counsel for Plaintiffs, the Court finds that good cause exists for a partial extension of
7 | the case management dates.  Accordingly, the Court will grant an extension of 60 days to the dates
8 | in the operative scheduling order, including extension *nunc pro tunc* of the non-expert discovery
9 | deadline.  The Court admonishes the parties that, as they have been provided substantial extensions
10 | of time, no further extensions will be granted absent extraordinary circumstances.

13 | *Remainder of This Page Intentionally Left Blank*

1    **Conclusion and Order**

2        In light of the parties' representations and partial good cause appearing, IT IS HEREBY

3    ORDERED that the scheduling order (Docs. 10, 17) be amended as follows:

4

| Event | Prior Date | New Date |
|---|---|---|
| 1.  Non-Expert Discovery Deadline | 09/11/2025 | 11/10/2025 |
| 2.  Expert Disclosure Deadline | 10/14/2025 | 12/15/2025 |
| 3.  Rebuttal Disclosure Deadline | 11/12/2025 | 01/12/2026 |
| 4.  Expert Discovery Deadline | 12/12/2025 | 02/17/2026 |
| 5.  Mid-Discovery Status Conference | 08/14/2025 | Vacated |
| 6.  Non-Dispositive Motion Filing Deadline | 12/29/2025 | 02/27/2026 |
| 7.  Non-Dispositive Motion Hearing | 02/02/2026 | 04/03/2026 |
| 8.  Dispositive Motion Filing Deadline | 02/11/2026 | 04/13/2026 |
| 9.  Dispositive Motion Hearing | 03/25/2026 | 05/26/2026 |
| 10. Pre-Trial Conference | 05/26/2026 | 07/27/2026 |
| 11. Trial | 07/21/2026 | 09/22/2026 |

16    IT IS SO ORDERED.

17    Dated:  __September 25, 2025__        _____

18                                            UNITED STATES MAGISTRATE JUDGE